IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANGELA LYNN OLSEN,

        Plaintiff,

    v.

CAROLYN W. COLVIN,
Acting Commissioner of Social
Security,

        Defendant.

Case No. 3:14-cv-01117-AA
OPINION AND ORDER

AIKEN, Chief Judge:

    This action is brought pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner denying Plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). Upon review, the Commissioner's decision is AFFIRMED.

## Background

    On September 17, 2010, Plaintiff protectively filed

1 - OPINION AND ORDER

applications for DIB and SSI. Both filings alleged an onset disability date of July 1, 2006. The applications were denied initially and on reconsideration. After requesting a hearing, Plaintiff and a vocational expert (VE) testified before an Administrative Law Judge (ALJ). Shortly thereafter, the ALJ issued a written decision finding that Plaintiff was not disabled as of the alleged onset date. Plaintiff sought review from the Appeals Council, which denied the request for review. Plaintiff then sought judicial review.

## Standard of Review

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

2 - OPINION AND ORDER

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected… to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

## Discussion

Plaintiff argues the ALJ erred by: 1) improperly discounting Plaintiff's testimony; 2) improperly discounting lay witness statements; and 3) failing to incorporate the above evidence into the residual functional capacity (RFC). The Commissioner argues that the ALJ's decision is supported by legally sufficient reasons and that this Court should affirm the Commissioner's decision.

**I. The ALJ's Evaluation of Plaintiff's Credibility**

Plaintiff first contends that the ALJ improperly evaluated her testimony. Once a claimant produces medical evidence of an impairment, the Commissioner may discredit the claimant's testimony as to the severity of symptoms only with clear and convincing reasons. Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). In making these determinations, the ALJ is allowed to use ordinary techniques used in the evaluation of

3 - OPINION AND ORDER

credibility. Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012). For example, "[i]f a claimant is able to spend a substantial part of [her] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit a claimant's allegations." Morgan v. Comm'r. of the Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999). The ALJ may also consider inconsistent or unexplained claimant testimony, failure to follow a course of treatment or recommendations of doctors, evidence of self-limiting behaviors, and a claimant's work history. See Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002); see Molina, 674 F.3d at 1112.

Plaintiff alleges that she has severe limitations such as limited mobility in her shoulder, a lack of ability to walk or sit for extended periods of time, diabetes, PTSD that does not allow her to interact with people without becoming irritated, extreme migraines, and back and abdomen spasms. Tr. 106, 108, 110, 112-13, 116-18, 120-22. Due to these impairments, Plaintiff claims she is disabled. The ALJ provided three reasons for his adverse credibility finding. They are: 1) inconsistencies between her alleged functional limitations and her daily activities; 2) Plaintiff's lack of candor and truthfulness with her doctor; and 3) the conservative treatment provided to treat

4 - OPINION AND ORDER

her medical issues. Tr. 33-34. I find that the ALJ provided legally sufficient reasons for his credibility evaluation.

The record supports the ALJ's finding that Plaintiff made several statements that are inconsistent with her daily activities. For example, the ALJ noted that Plaintiff was able to perform household chores such as laundry, washing the dishes, and vacuuming. Tr. 33, 98-101. Additionally, the ALJ cited activities in which the Plaintiff interacts with people, such as shopping, talking on the phone and visiting friends and family. Tr. 33, 98-99, 105. The ALJ noted that Plaintiff spends time with her long-term boyfriend and neighbor everyday and that they go out to dinner occasionally. Tr. 99, 104. Finally, the ALJ noted that Plaintiff was able to care for her young daughter by driving her to school, dressing her, and taking care of her at night for much of the time. Tr. 33, 100, 102, 401.

These activities are inconsistent with the severity of the limitations Plaintiff alleges. For example, Plaintiff alleges that she has severe deliberating migraines four to five times a week that last for days at a time, during which she lays in the fetal position and covers her ears and eyes with towels and pillows. Tr. 110-111, 114. This is inconsistent with her daily activities of basic cooking, cleaning, and child rearing. Plaintiff also alleges, for example, that her PTSD causes her to be closed off, angry, depressed, and unable to interact with

5 - OPINION AND ORDER

people such as supervisors or co-workers. Tr. 74-75, 91, 116, 121. However, the severity of this impairment is inconsistent with going to the store, interacting with family and friends, seeing her boyfriend and neighbor daily, and going to dinner in public places.

Second, the record supports the ALJ's finding that Plaintiff was dishonest in her reports to Dr. Taycher, her treating doctor, regarding marijuana use when she had agreed to a narcotic contract. Tr. 34, 770. In determining the credibility of a witness or claimant testimony, the ALJ may evaluate testimony using ordinary techniques of credibility evaluation, including truthfulness. Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005). To rebut the ALJ's finding, Plaintiff argues that Dr. Taycher specifically noted that Plaintiff had always been responsible with her narcotic medication in the past, tr. 770; Dr. Taycher did not doubt Plaintiff's disability or credibility; Dr. Taycher understood why Plaintiff would seek alternative medication; and Dr. Taycher continued prescribing the medication. Pl. Reply Br. 4.

The record indicates that Dr. Taycher "strongly advised" Plaintiff that her continued use of marijuana would force her to stop prescribing narcotics to Plaintiff. See Tr. 770. Granted, the medical records do not reflect Dr. Taycher's opinion about Plaintiff's credibility, or her acquiescence with Plaintiff's

6 - OPINION AND ORDER

marijuana use. See id. Rather, the record reflects that while under a medication agreement disallowing marijuana use, Plaintiff did not disclose marijuana use to her doctor. See id. While this evidence may be subject to varying interpretations, this Court cannot find the ALJ's finding to be unreasonable.

Finally, the record supports the ALJ's finding that Plaintiff received minimal and conservative treatment. Tr. 33. Evidence of conservative treatment is sufficient grounds for an ALJ to discount a claimant's testimony. Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007). The ALJ noted that since her initial complaint of back pain in August 2010, Plaintiff has continued on a regimen of narcotic treatment, including flexeril and Vicodin, and icing her back. Tr. 33. The ALJ noted additional instances of medication for treatment of nausea and vomiting. Tr. 33. Further, the ALJ noted that while Plaintiff used an inhaler for her asthma, her increased coughing and wheezing was treated by more prescriptions. Tr. 33-34. Finally, despite the pain in her back and abdomen continuing, the ALJ noted only one time in which Plaintiff received treatment other than prescriptions. That instance was a cystectomy in May, 2012, to treat endometriosis. Tr. 34.[1] Thus, because the ALJ provided

---

[1] Plaintiff argues that the ALJ improperly considered her inability to pay out of pocket. However, the ALJ did not question Plaintiff's credibility on grounds that she did not seek or undergo aggressive treatments. Rather, The ALJ simply

7 - OPINION AND ORDER

clear and convincing reasons supported by the record, this Court upholds the ALJ's evaluation of Plaintiff's credibility.

## II. The ALJ's Evaluation of Witness Statements

Plaintiff also argues the ALJ failed to provide germane reasons to discredit the statements of lay several law witnesses. The ALJ stated that the witness statements "are considered credible to the extent reports of what has been seen and heard are accurate." Tr. 34-35. The ALJ also added, however, that the claimant's daily activities, treating medical evidence, and conservative medical treatment do not show she is as limited as the witnesses alleged. Tr. 34-35. I agree.

For example, Plaintiff's mother wrote that she cares for Plaintiff's child two to four days a week and drops her back off at night so she can go to school in the morning. Tr. 447. She also wrote that Plaintiff has trouble "standing, bending, or stooping." Tr. 447. Finally, she wrote that Plaintiff does not want to interact with others. Tr. 447. Similarly, Plaintiff's boyfriend wrote that Plaintiff began having pain in her hip and back that became progressively worse. Tr. 450. Finally, Plaintiff's neighbor wrote that twice weekly she assists Plaintiff in vacuuming, mopping, laundry, and other household chores and caring for Plaintiff's pet. Tr. 451. The ALJ

---

noted that the treatments received and recommended by her treating physicians were conservative. See generally tr. 33-34.

8 - OPINION AND ORDER

indicated that these statements are considered within the RFC evaluation, and the RFC reflects this through limitations in functional movements and public contact.

However, the lay witnesses also provide opinions that do not stem from their observations or are otherwise not supported by the record. For example, Plaintiff's mother states that Plaintiff is bed ridden for two to three days at a time, which the ALJ found inconsistent with Plaintiff's daily activities. Tr. 447, 401. Some of Plaintiff's boyfriend's statements do not relate to Plaintiff's impairments but, instead, to a weakening emotional bond between Plaintiff and himself. Tr. 450. Finally, Plaintiff's neighbor broadly states that Plaintiff cannot perform simple daily tasks, which is counter to the Plaintiff's own daily activities. Tr. 98-101, 401, 451. Thus, the ALJ did not err in the evaluation of law witness statements.

### III. The ALJ's Evaluation RFC

In arguing that the ALJ's evaluation of Plaintiff's RFC was error, Plaintiff restates her arguments above. A court will affirm an ALJ's evaluation of Plaintiff's RFC if the ALJ applied proper legal standards and their decision is supported by substantial evidence in the record. Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005). As found above, the ALJ applied the proper legal standards in rejecting portions of Plaintiff's allegations and the law witness statements.

9 - OPINION AND ORDER

Further, substantial evidence exists within the record to support the ALJ's RFC evaluation. The ALJ cited Dr. Kehrli's assessment, concluding that Plaintiff should limit overhead reaching, only occasionally stoop, crawl and crouch, among other things. Tr. 34, 191-94, 204-07. Additionally, the ALJ found that Plaintiff must avoid exposure to respiratory irritants, have only occasional public contact, and have a stand/sit option and placed other restrictions on activities that impact the back, like climbing latters, stairs and ramps. Tr. 32. Thus, the ALJ's RFC considers Plaintiff's lower back limitations and her history of respiratory problems and use of inhalers. Tr. 96, 510, 753, 769. Thus, because the ALJ applied the proper legal standards and his opinion is supported by substantial evidence in the record, the ALJ's evaluation of the RFC is affirmed.

## Conclusion

The ALJ did not error in evaluating Plaintiff's credibility or the lay witnesses' statements. Thus, the ALJ did not error in the evaluation of Plaintiff's RFC. Therefore, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

Dated this 22nd day of July, 2015.

_____
Ann Aiken
U.S. District Judge

10 - OPINION AND ORDER